IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No. 4:23-cv-00041-M

| | |
|---|---|
| DARRON ANTONIO CARMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ANSWER OF DEFENDANT TOWN** |
| THE TOWN OF WINTERVILLE, DONNIE ) | **OF WINTERVILLE** |
| GREENE and EMMANUEL ARMAOS, in ) | |
| their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

NOW COME Defendant Town of Winterville and Defendants Donnie Greene and Emmanuel Armaos in their official capacities only (*hereinafter*, the "Town" or "Defendant"), by and through the undersigned counsel of record, and responds to the correspondingly-numbered paragraphs of Plaintiff's Complaint as follows:

I. INTRODUCTION

1. The allegations in paragraph 1 are denied upon information and belief.

2. The allegations in paragraph 2 are admitted upon information and belief.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and those allegations are therefore denied.

4. The allegations in Paragraph 4 are denied.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and those allegations are therefore denied.

6. The allegations in paragraph 6 are admitted upon information and belief.

7. The allegations in paragraph 7 are denied upon information and belief.

8. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8, and those allegations are therefore denied.

9. The allegations contained in paragraph 9 are denied upon information and belief.

10. It is specifically admitted upon information and belief that fingerprint and palm print lifts were attempted at the Fresh Way store. Except as specifically admitted, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10, and those allegations are therefore denied.

11. It is specifically admitted that, as a general practice, evidence for criminal cases is stored by the Winterville Police Department in the course and scope of its regular business until an order authorizing its destruction or disposal is received. Except as specifically admitted, the allegations contained in paragraph 11 are denied upon information and belief.

12. It is specifically admitted upon information and belief that finger and palm print samples were collected from Plaintiff. Except as specifically admitted, Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12, and those allegations are therefore denied.

13. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13, and those allegations are therefore denied.

14. The document referred to in paragraph 14 of the Complaint speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations contained in paragraph 14 are admitted.

15. The allegations in paragraph 15 consist of legal conclusion and therefore no response is required. To the extent a response is required, the allegations contained in paragraph 15 are denied.

## II. PARTIES

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and those allegations are therefore denied.

17. It is admitted that the Town of Winterville is a municipal corporation duly organized and existing under the laws of the State of North Carolina. It is further admitted that the Town of Winterville Police Department ("WPD") is a law enforcement agency operated by the Town of Winterville, and the sworn law enforcement officers and others who work for WPD are employees of the Town of Winterville. The remaining allegations of paragraph 17 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

18. The allegations in paragraph 18 are legal conclusions to which no response is required. To the extent that a response is required, the allegations in paragraph 18 are denied.

19. The allegations in paragraph 19 are legal conclusions to which no response is required. To the extent that a response is required, the allegations in paragraph 19 are denied.

20. The allegations in paragraph 20 are admitted.

21. The allegations in paragraph 21 are denied with respect to Defendant Armaos currently being employed by the Winterville Police Department. The rest of the allegations in paragraph 21 are admitted.

## III. JURISDICTION

22. The allegations in paragraph 22 are legal conclusions to which no response is required. To the extent that a response is required, the allegations in paragraph 22 are admitted.

23. The allegations in paragraph 23 are legal conclusions to which no response is required. To the extent that a response is required, the allegations in paragraph 23 are admitted.

## IV. VENUE

24. The allegations in paragraph 24 are legal conclusions to which no response is required. To the extent that a response is required, the allegations in paragraph 24 are admitted.

## V. FACTS

25. The allegations in paragraph 25 are admitted upon information and belief.

26. It is admitted that on or about October 29, 1993, Robert Thompson called WPD to report an armed robbery had taken place at the Fresh Way convenience store on Mills Street in Winterville, NC ("Fresh Way") and represented himself as a clerk at the Fresh Way. Except as specifically admitted the allegations in paragraph 26 are denied.

27. The allegations in paragraph 27 are admitted.

28. The allegations in paragraph 28 are admitted upon information and belief.

29. The allegations in paragraph 29 are admitted upon information and belief.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and those allegations are therefore denied.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and those allegations are therefore denied.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and those allegations are therefore denied.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and those allegations are therefore denied.

34. The allegations in paragraph 34 are denied upon information and belief.

35. The allegations in paragraph 35 are admitted upon information and belief.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and those allegations are therefore denied.

37. The allegations in paragraph 37 are admitted upon information and belief.

38. The allegations in paragraph 38 are admitted upon information and belief.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and those allegations are therefore denied.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and those allegations are therefore denied.

41. The allegations in paragraph 41 are admitted.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and those allegations are therefore denied.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and those allegations are therefore denied.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and those allegations are therefore denied.

45. It is admitted that Darron Carmon was charged with armed robbery. Except as otherwise admitted herein, the allegations in paragraph 45 are denied.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, and those allegations are therefore denied.

47. The allegations in paragraph 47 are admitted upon information and belief.

48. The allegations in paragraph 48 are denied upon information and belief.

49. The allegations in paragraph 49, including subsection a. are denied.

50. The allegations in paragraph 50 are denied.

51. The allegations in paragraph 51 are denied.

52. The allegations in paragraph 52 are denied.

53. The allegations in paragraph 53 are admitted upon information and belief.

54. The allegations in paragraph 54 are admitted.

55. The allegations in paragraph 55 are admitted.

56. The allegations in paragraph 56 do not relate to Defendant and therefore no response is required. Further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and those allegations are therefore denied.

57. The allegations in paragraph 57 do not relate to Defendant and therefore no response is required. To the extent that a response is required, the allegations are denied.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58, and those allegations are therefore denied.

59. The allegations in paragraph 59 are admitted upon information and belief.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and those allegations are therefore denied.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61, and those allegations are therefore denied.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62, and those allegations are therefore denied.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63, and those allegations are therefore denied.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64, and those allegations are therefore denied.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and those allegations are therefore denied.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and those allegations are therefore denied.

67. The allegations in paragraph 67 are admitted upon information and belief.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and those allegations are therefore denied.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and those allegations are therefore denied.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and those allegations are therefore denied.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71, and those allegations are therefore denied.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72, and those allegations are therefore denied.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and those allegations are therefore denied.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and those allegations are therefore denied.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and those allegations are therefore denied.

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and those allegations are therefore denied.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and those allegations are therefore denied.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78, and those allegations are therefore denied.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, and those allegations are therefore denied.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80, and those allegations are therefore denied.

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81, and those allegations are therefore denied.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82, and those allegations are therefore denied.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, and those allegations are therefore denied.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, and those allegations are therefore denied.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85, and those allegations are therefore denied.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86, including subsections a. through d., and those allegations are therefore denied.

87. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87, including subsections a. through f., and those allegations are therefore denied.

88. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88, and those allegations are therefore denied.

89. The allegations in paragraph 89 are admitted upon information and belief.

90. The allegations in paragraph 90 are admitted upon information and belief.

91. The allegations in paragraph 91 are admitted upon information and belief.

92. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and those allegations are therefore denied.

93. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and those allegations are therefore denied.

94. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and those allegations are therefore denied.

95. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95, and those allegations are therefore denied.

96. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, and those allegations are therefore denied.

97. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and those allegations are therefore denied.

98. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and those allegations are therefore denied.

99. The document referred to in paragraph 99 of the Complaint speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations contained in paragraph 99 are admitted.

100. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, and those allegations are therefore denied.

101. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101, and those allegations are therefore denied.

102. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102, and those allegations are therefore denied.

103. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103, and those allegations are therefore denied.

104. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104, and those allegations are therefore denied.

105. The document referred to in paragraph 105 of the Complaint speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations contained in paragraph 105 are admitted.

106. The document referred to in paragraph 106 of the Complaint speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations contained in paragraph 106 are admitted.

107. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107, and those allegations are therefore denied.

      VI.    INJURIES AND DAMAGES

108. The allegations in paragraph 108 are denied.

109. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109, and those allegations are therefore denied.

110. The allegations in paragraph 110 are denied.

## VII.　CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 Violation of Plaintiff's Due Process Rights Under the Fourteenth Amendment

111. Defendant hereby re-asserts all of its responses to each and every allegation contained in the above paragraphs.

112. The allegations in paragraph 112 do not relate to Defendant and therefore no response is required. The allegations are therefore denied.

113. The allegations in paragraph 113 do not relate to Defendant and therefore no response is required. The allegations in paragraph 113 are therefore denied.

114. The allegations in paragraph 114, as they relate to Defendant, are denied.

115. The allegations in paragraph 114, as they relate to Defendant, are denied.

116. The allegations in paragraph 116, as they relate to Defendant, are denied.

117. The allegations in paragraph 117, as they relate to Defendant, are denied.

118. The allegations in paragraph 118, as they relate to Defendant, are denied.

119. The allegations in paragraph 119, as they relate to Defendant, are denied.

120. The allegations in paragraph 120, as they relate to Defendant, are denied.

121. The allegations in paragraph 121, as they relate to Defendant, are denied.

122. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122, and those allegations are therefore denied.

123. The document referred to in paragraph 123 of the Complaint speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations contained in paragraph 123 are admitted.

124. The allegations in paragraph 124, as they relate to Defendant, are denied.

125. The allegations in paragraph 125, as they relate to Defendant, are denied.

## SECOND CLAIM FOR RELIEF
*Monell* Claim Under the Fourth and Fourteenth Amendments

126. Defendant hereby re-asserts all of its responses to each and every allegation contained in the above paragraphs.

127. The allegations in paragraph 127 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

128. The allegations in paragraph 128 constitute legal conclusions to which no responses is required. To the extent a response is required, the allegations are denied.

129. The allegations in paragraph 128 constitute legal conclusions to which no responses is required. To the extent a response is required, the allegations are admitted.

130. The allegations in paragraph 130 are denied.

131. The allegations in paragraph 131 are denied.

132. The allegations in paragraph 132 are denied.

133. The allegations in paragraph 133 are denied.

## THIRD CLAIM FOR RELIEF
Deprivation of Due Process and Access to the Courts in Violation of the First and Fourteenth Amendments under 42 U.S.C. § 1983

134. Defendant hereby re-asserts all of its responses to each and every allegation contained in the above paragraphs.

135. The allegations in paragraph 135 contain legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

136. The allegations in paragraph 136 are denied.

137. The allegations in paragraph 137 do not relate to Defendant and therefore no response is required. To the extent that a response is required, the allegations are denied.

138. The allegations in paragraph 125 are denied.

139. The allegations in paragraph 139 do not relate to Defendant and therefore no response is required. To the extent that a response is required, the allegations are denied.

140. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140, and those allegations are therefore denied.

141. The allegations in paragraph 141 are denied.

142. The allegations in paragraph 142 are denied.

143. The allegations in paragraph 143 are denied.

144. The allegations in paragraph 144 are denied.

145. The allegations in paragraph 145 are denied.

## FOURTH CLAIM FOR RELIEF
Prosecution without Probable Cause and Fabrication of False Evidence in Violation of the Fourth Amendment under 42 U.S.C. § 1983

146. Defendant hereby re-asserts all of its responses to each and every allegation contained in the above paragraphs.

147. The allegations in paragraph 147 constitute conclusions of law to which no response is required. Further, these allegations do not relate to Defendant. To the extent that a response is required, the allegations are denied.

148. The allegations in paragraph 148 do not relate to Defendant and therefore no response is required. To the extent that a response is required, the allegations are denied.

149. The allegations in paragraph 149 do not relate to Defendant and therefore no response is required. To the extent that a response is required, the allegations are denied.

150. The allegations in paragraph 150, as they relate to Defendant, are denied.

151. The allegations in paragraph 151, as they relate to Defendant, are denied.

152. The allegations in paragraph 152, as they relate to Defendant, are denied.

153. The allegations in paragraph 153, as they relate to Defendant, are denied.

### FIFTH CLAIM FOR RELIEF
### Negligence

154. Defendant hereby re-asserts all of its responses to each and every allegation contained in the above paragraphs.

155. The allegations in paragraph 155 constitute conclusions of law to which no response is required. Further, these allegations do not relate to Defendant. To the extent that a response is required, the allegations are denied.

156. The allegations in paragraph 156 constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

157. The allegations in paragraph 157, including subsections a. through e., constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

158. The allegations in paragraph 156, including subsections a. through f., as they relate to Defendant, are denied.

159. The allegations in paragraph 159, as they relate to Defendant, are denied.

## SIXTH CLAIM FOR RELIEF
Failure to Intervene in Violation of the Fourth and Fourteenth Amendment
Under 42 U.S.C. § 1983

160. Defendant hereby re-asserts all of its responses to each and every allegation contained in the above paragraphs.

161. The allegations in paragraph 161 constitute conclusions of law to which no response is required. Further, these allegations do not relate to Defendant. To the extent that a response is required, the allegations are denied.

162. The allegations in paragraph 162 do not relate to Defendant. To the extent that a response is required, the allegations are denied.

163. The allegations in paragraph 163 do not relate to Defendant. To the extent that a response is required, the allegations are denied.

164. The allegations in paragraph 164 do not relate to Defendant. To the extent that a response is required, the allegations are denied.

165. The allegations in paragraph 165 do not relate to Defendant. To the extent that a response is required, the allegations are denied.

166. The allegations in paragraph 166 do not relate to Defendant. To the extent that a response is required, the allegations are denied.

167. The allegations in paragraph 167 do not relate to Defendant. To the extent that a response is required, the allegations are denied.

168. The allegations in paragraph 168 do not relate to Defendant. To the extent that a response is required, the allegations are denied.

169. The allegations in paragraph 169 do not relate to Defendant. To the extent that a response is required, the allegations are denied.

EXCEPT AS SPECIFICALLY ADMITTED HEREIN, ALL ALLEGATIONS IN PLAINTIFF'S COMPLAINT ARE DENIED.

**FIRST DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state valid claims against Defendant as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, Plaintiff's claims against Defendants Donnie Greene and Emmanuel Armaos in their official capacities are duplicative of the claims against the Town of Winterville and subject to dismissal.

**SECOND DEFENSE**

Defendant pleads sovereign and governmental immunity as a defense to all applicable claims asserted herein.

**THIRD DEFENSE**

At all relevant times, Defendant acted in good faith, without malice, and with reasonable belief that all of its actions were consistent with Plaintiff's rights. Defendant is therefore protected from liability in this action by the doctrine of qualified immunity, which Defendant specifically asserts as a defense to all applicable claims herein.

**FOURTH DEFENSE**

Defendant pleads the affirmative defense of public official immunity as a bar to all of Plaintiff's claims against it.

**FIFTH DEFENSE**

Defendant pleads the affirmative defense of Absolute Immunity as a bar to all applicable claims herein.

**SIXTH DEFENSE**

Defendant pleads all other applicable immunities to which it is entitled by operation of law

in bar of Plaintiff's rights to recover herein.

### SEVENTH DEFENSE

Defendant asserts that its policies, practices and customs were adopted in good faith, were constitutional, and were not the probable cause of any alleged constitutional injury to Plaintiff, which injury is denied.

### EIGHTH DEFENSE

Legal justification is pleaded as an affirmative defense in bar of Plaintiff's right to recover in this action.

### NINTH DEFENSE

Defendant has complied in good faith with all applicable laws and regulations and, having so complied, acted without improper motive and any injury accruing to Plaintiff, the existence of which is specifically denied, is not actionable.

### TENTH DEFENSE

With respect to Plaintiff's claims for punitive damages, Defendant asserts and pleads that the imposition of punitive damages without meaningful standards defining the conduct justifying the imposition of such damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Also, the imposition of punitive damages under current federal procedures would violate both of these Constitutional provisions because current procedures regarding the imposition of punitive damages do not include safeguards constitutionally required to accompany the exaction of a penalty.

### ELEVENTH DEFENSE

As an additional defense to Plaintiff's claims for punitive damages, Defendant raises all rights, remedies, immunities, and limits set out in N.C.G.S. § 1D, et. seq., by means of a bar or

limitation as to Plaintiff's right to recover punitive damages herein.

### TWELFTH DEFENSE

The sole, direct, and proximate cause of the incident which is complained of by Plaintiff and any and all resulting alleged, but denied, injuries and damages, was the negligence/gross negligence of Plaintiff. If it be determined that Defendant was negligent in any way or grossly negligent, which is specifically denied, then the negligence and gross negligence of Plaintiff is herein set forth as contributing to and constituting a proximate cause of incident as alleged by Plaintiff; and said contributory negligence and gross contributory negligence on the part of Plaintiff is specifically pleaded in bar of any recovery by Plaintiff in this action.

### ADDITIONAL DEFENSE

DEFENDANT RESERVES THE RIGHT TO AMEND ITS ANSWER AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFF ARE MORE FULLY DISCLOSED DURING THE COURSE OF THIS LITIGATION.

WHEREFORE, having fully answered each and every allegation contained in Plaintiff's Complaint, Defendant prays to the Court as follows:

1. That Plaintiff have and recover nothing of Defendant by way of this action;
2. For the costs of this action, including reasonable attorney's fees;
3. For a trial by jury on all issues of fact so triable herein; and
4. For other and such further relief as the Court may deem just and proper.

This the 5th day of June, 2023.

**HARTZOG LAW GROUP LLP**

/s/ *Dan M Hartzog, Jr.*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330

E-mail: dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
RACHEL G. POSEY
N.C. State Bar No. 56571
E-mail:  rposey@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant Town of Winterville*

# CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants.

**HARTZOG LAW GROUP LLP**

*/s Katherine Barber-Jones*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
RACHEL G. POSEY
N.C. State Bar No. 56571
E-mail: rposey@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant Town of Winterville*